Judge Pechman

————— FILED    ————— ENTERED
————— LODGED   ————— RECEIVED

JUL 22 2010

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEP...—

10-CR-00124-CERT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>RICHARD BAFARO,<br><br>        Defendant. | NO.   CR10-124MJP<br><br>PLEA AGREEMENT |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Lisca Borichewski, Assistant United States Attorney for said District, Defendant RICHARD BAFARO, and his attorney, Chris Black, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

      1.    **The Charge.**  Defendant, having been advised of his right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to Count 1 of the Indictment, Conspiracy to Distribute Marijuana in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D). The Indictment alleges a violation of 841(b)(1)(C), an offense involving at least 50 kilograms of marijuana, but the defendant is entering a guilty plea to the lesser included offense of 841(b)(1)(D), an offense involving less than 50 kilograms of marijuana. By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document, including any objection based upon the statute of limitations. Defendant further understands that

1   before entering his plea of guilty, Defendant will be placed under oath.  Any statement given by

2   Defendant under oath may be used by the United States in a prosecution for perjury or false

3   statement.

4       **2.**      **Elements of the Offense.**   The elements of the offense of Conspiracy to Distribute

5   Marijuana, as charged in Count 1, are as follows:

6         First, there was an agreement between two or more people to distribute marijuana; and,

7         Second, Defendant entered into the conspiracy knowing of its object, the distribution of

8   marijuana, and intending to help accomplish it.

9       **3.**      **The Penalties.**   Defendant understands that the statutory penalties for the offense

10  are a maximum term of five (5) years in prison, a fine of up to two hundred and fifty thousand

11  dollars ($250,000.00), a period of supervision following release from prison at least two (2) years

12  and not more than three (3) years, and a $100 special assessment.  If Defendant receives a

13  sentence of probation, the probationary period could be up to five (5) years.  Defendant agrees

14  that the special assessment shall be paid at or before the time of sentencing.

15        Defendant understands that in addition to any term of imprisonment and/or fine that is

16  imposed, the Court may order Defendant to pay restitution to any victim of the offense, as

17  required by law.

18        Defendant agrees that any monetary penalty the Court imposes, including the special

19  assessment, fine, costs or restitution, is due and payable immediately, and further agrees to submit

20  a completed Financial Statement of Debtor form as requested by the United States Attorney's

21  Office.

22        Defendant understands that supervised release is a period of time following imprisonment

23  during which he will be subject to certain restrictions and requirements.  Defendant further

24  understands that if supervised release is imposed and he violates one or more of its conditions, he

25  could be returned to prison for all or part of the term of supervised release that was originally

26  imposed.  This could result in Defendant serving a total term of imprisonment greater than the

27  statutory maximum stated above.

28

Plea Agreement – 2
BAFARO/CR10-124MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1    Defendant understands that by pleading guilty to a felony drug offense, he will become

2  ineligible for certain food stamp and social security benefits under Title 21, United States Code,

3  Section 862a.

4    **4.      Rights Waived by Pleading Guilty.**  Defendant understands that, by pleading

5  guilty, he knowingly and voluntarily waives the following rights:

6    a.      The right to plead not guilty, and to persist in a plea of not guilty;

7    b.      The right to a speedy and public trial before a jury of Defendant's peers;

8    c.      The right to the effective assistance of counsel at trial, including, if Defendant

9  could not afford an attorney, the right to have the Court appoint one for Defendant;

10    d.      The right to be presumed innocent until guilt has been established at trial, beyond a

11  reasonable doubt;

12    e.      The right to confront and cross-examine witnesses against Defendant at trial;

13    f.      The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

14    g.      The right to testify or to remain silent at trial, at which trial such silence could not

15  be used against Defendant; and

16    h.      The right to appeal a finding of guilt or any pretrial rulings.

17    **5.      United States Sentencing Guidelines.**   Defendant understands and

18  acknowledges that, at sentencing, the Court must consider the sentencing range calculated under

19  the United States Sentencing Guidelines, together with the other factors set forth in  Title 18,

20  United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense;

21  (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the

22  seriousness of the offense, to promote respect for the law, and to provide just punishment for the

23  offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the

24  need for the sentence to protect the public from further crimes of the defendant; (6) the need to

25  provide the defendant with educational and vocational training, medical care, or other correctional

26  treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to

27  provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among

28

1 | defendants involved in similar conduct who have similar records. Accordingly, Defendant

2 | understands and acknowledges that:

3 |       a.      The Court will determine Defendant's applicable Sentencing Guidelines range at

4 | the time of sentencing.

5 |       b.      After consideration of the Sentencing Guidelines and the other factors in 18 U.S.C.

6 | 3553(a), the Court may impose any sentence authorized by law, up to the maximum term

7 | authorized by law.

8 |       c.      The Court is not bound by any recommendation regarding the sentence to be

9 | imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the

10 | parties, or by the United States Probation Department.

11 |       d.      Defendant may not withdraw a guilty plea solely because of the sentence imposed

12 | by the Court.

13 |       **6.**      **Ultimate Sentence.**  Defendant acknowledges that no one has promised or

14 | guaranteed what sentence the Court will impose.

15 |       **7.**      **Immigration Consequences.**  Defendant understands that, as a non-citizen of the

16 | United States, entering a guilty plea may have consequences regarding  immigration status.

17 | Certain crimes are deportable offenses, and a plea of guilty to any such crime may subject

18 | Defendant to automatic deportation and removal from the United States. *See* 8 U.S.C.

19 | § 1227(a)(2). Defendant affirms that he has been advised of the potential immigration

20 | consequences that may result from the entry of the guilty plea contemplated by this agreement and

21 | is prepared to proceed with his guilty plea regardless of any immigration consequences that may

22 | result from this guilty plea, even if such consequences include automatic deportation and removal

23 | from the United States.

24 |       **8.**      **Statement of Facts.**  The parties agree on the following facts in support of

25 | Defendant's guilty plea and sentencing.  Defendant admits he is guilty of the charged offense.

26 |       a.      On April 26, 2010, ICE agents were conducting surveillance in the area of

27 | Mt. Baker and the Snoqualmie National Forest, near Glacier, Washington, where agents observed

28 | snowshoe tracks that crossed the international border.  This is an area known to federal agents as

Plea Agreement – 4
BAFARO/CR10-124MJP

1   a route used by individuals smuggling contraband and illegal aliens between Canada and the

2   United States.

3           b.      While investigating the area of the snowshoe tracks, ICE agents and Border

4   Patrol agents found four sets of snowshoes, and four backpacks containing a total of 49.28

5   kilograms of marijuana.  Agents also found Daryl Paul Fontana, Christopher Andrew Neary and

6   Sinisa Gavric hiding in the woods.

7           c.      While talking to these individuals, a silver Infiniti SUV approached the

8   desolate location driven by Carl Andrew Thiessen.  Inside the vehicle, agents found a deposit slip

9   for $1,000 in currency (listed as ten $100 bills), an envelope containing approximately $4000 in

10  United States currency, and a hotel key for the Best Western Hotel in Bellingham, Washington.

11          d.      Agents drove to the Best Western Hotel, contacted hotel staff, and learned

12  that Thiessen rented two rooms, and listed a Toyota 4 Runner as a vehicle used by the renter of

13  one of the rooms.

14          e.      Agents conducted surveillance of a Toyota 4 Runner in the hotel parking

15  lot, and observed RICHARD BAFARO approach the vehicle, and peer into the windows.

16          f.      Agents contacted BAFARO, and advised him of his *Miranda* rights.

17  BAFARO told agents that he and three other individuals hiked across the international border

18  between Canada and the United States, each carrying a backpack containing marijuana.

19      **9.      Sentencing Factors.**

20      The parties agree and stipulate that the following Sentencing Guidelines provisions apply

21  to this case:

22          a.      A base offense level of 20 pursuant to USSG § 2D1.1(c)(10) for the offense

23  involving at least 40 kilograms, but less than 60 kilograms of marijuana.

24      The parties agree they are free to argue the application of any other provisions of the

25  United States Sentencing Guidelines.  Defendant understands, however, that at the time of

26  sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply

27  additional downward or upward adjustments in determining Defendant's Sentencing Guidelines

28  range.

Plea Agreement – 5
BAFARO/CR10-124MJP

1      **10.**   **Acceptance of Responsibility.**  The United States acknowledges that if

2  Defendant qualifies for an acceptance of responsibility adjustment pursuant to USSG

3  § 3E1.1(a), and if the offense level is sixteen (16) or greater, his total offense level should be

4  decreased by three (3) levels; pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has

5  assisted the United States by timely notifying the authorities of his intention to plead guilty,

6  thereby permitting the United States to avoid preparing for trial and permitting the Court to

7  allocate its resources efficiently.

8      **11.**   **Non-Prosecution of Additional Offenses.**  As part of this Plea Agreement, the

9  United States Attorney's Office for the Western District of Washington agrees to dismiss Counts

10  2 and 3 of the Indictment, and not prosecute Defendant for any additional offenses known to it as

11  of the time of this Agreement that are based upon evidence in its possession at this time, or that

12  arise out of the conduct giving rise to this investigation.  In this regard, Defendant recognizes that

13  the United States has agreed not to prosecute all of the criminal charges that the evidence

14  establishes were committed by Defendant solely because of the promises made by Defendant in

15  this Agreement.  Defendant acknowledges and agrees, however, that for purposes of preparing the

16  Presentence Report, the United States Attorney's Office will provide the United States Probation

17  Office with evidence of all relevant conduct committed by Defendant.

18      Defendant agrees and acknowledges that any charges to be dismissed before or at the time

19  of sentencing were substantially justified in light of the evidence available to the United States,

20  were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for

21  any future claims under the "Hyde Amendment," Pub.L. No. 105-119(1997).

22      **12.**   **Forfeiture of Contraband.**  Defendant agrees that any illegal contraband and

23  cellular telephones seized by any law enforcement agency from the possession of Defendant shall

24  be forfeited for the official use and/or destruction by any law enforcement agency involved in the

25  seizure of these items.

26      **13.**   **Voluntariness of Plea.**  Defendant acknowledges that he has entered into this

27  Plea Agreement freely and voluntarily, and that no threats or promises, other than the promises

28  contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty.

Plea Agreement – 6
BAFARO/CR10-124MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1    **14.**    **Statute of Limitations.**  In the event that this Agreement is not accepted by the

2   Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the

3   statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to:

4   (1) 30 days following the date of non-acceptance of the Plea Agreement by the Court; or (2) 30

5   days following the date on which a breach of the Plea Agreement by Defendant is discovered by

6   the United States Attorney's Office.

7    **15.**    **Post-Plea Conduct.**  Defendant understands that the terms of this Plea Agreement

8   apply only to conduct that occurred prior to the execution of this Agreement.  If, after the date of

9   this Agreement, Defendant should engage in illegal conduct, or conduct that is in violation of

10  his/her conditions of release (examples of which include, but are not limited to: obstruction of

11  justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and

12  false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer or

13  Court), the United States is free under this Agreement to seek a sentence that takes such conduct

14  into consideration.  Such a sentence could include a sentencing enhancement under the United

15  States Sentencing Guidelines or an upward departure from the applicable sentencing guidelines

16  range.

17      **16.**    **Waiver of Appeal.**  As part of this Plea Agreement, and on the condition that the

18  Court imposes a custodial sentence that is within or below the Sentencing Guidelines range

19  consistent with the stipulations of the parties contained in this plea agreement, Defendant waives

20  to the full extent of the law:

21    a.    any right conferred by Title 18, United States Code, Section 3742 to appeal the

22    sentence, including any restitution order imposed; and

23    b.    any right to bring a collateral attack against the conviction and sentence, including

24    any restitution order imposed, except as it may relate to the effectiveness of legal

25    representation.

26      Furthermore, this waiver does not preclude Defendant from bringing an appropriate

27  motion pursuant to 28 U.S.C. 2241, to address the conditions of his confinement or the decisions

28  of the Bureau of Prisons regarding the execution of his sentence.

Plea Agreement – 7
BAFARO/CR10-124MJP

1      If Defendant breaches this Plea Agreement at any time by appealing or collaterally

2 attacking the conviction or sentence in any way, the United States may prosecute Defendant for

3 any counts, including those with mandatory minimum sentences, or penalty enhancements that

4 were dismissed or not charged pursuant to this Plea Agreement.

5     **17.**   **Completeness of Agreement.**   The United States and Defendant acknowledge

6 that these terms constitute the entire Plea Agreement between the parties.

7 This Agreement only binds the United States Attorney's Office for the Western District of

8 Washington.  It does not bind any other United States Attorney's Office or any other office or

9 agency of the United States, or any state or local prosecutor.

10     Dated this _____ day of _____, 2010.

12 RICHARD BAFARO
13 Defendant

15 CHRIS BLACK
Attorney for Defendant

17 DOUGLAS B. WHALLEY
18 Assistant United States Attorney

20 LISCA BORICHEWSKI
Assistant United States Attorney

Plea Agreement – 8
BAFARO/CR10-124MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970